# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ROYAL PURPLE, LLC, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-13-3271 |
| § | | |
| DAVID WARD, *et al.*, § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motions to Transfer Venue ("Motions to Transfer") filed by Defendant Vicki M. Gaither [Doc. # 26] and by Defendants David Ward, Advanced Lubrication, Inc. ("Advanced"), and High Performance Lubricants, LLC [Doc. # 30], seeking transfer pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Central District of Illinois.[1] Plaintiff Royal Purple, LLC ("Royal Purple") filed a Response [Doc. # 42], and Defendants filed a Reply [Doc. # 49]. Having reviewed the record and applicable legal authorities, the Court **denies** the Motions to Transfer.

---

[1] Also pending are Plaintiff's Motion for Preliminary Injunction [Doc. # 8], Defendant Gaither's "Partial Motion to Dismiss" [Doc. # 28], Defendants' "Partial Motion to Dismiss" [Doc. # 32], Defendants' Motion to Stay Plaintiff's Motion for Preliminary Injunction [Doc. # 36], and the parties' Joint Motion to Close the Courtroom and Seal the Transcript [Doc. # 44]. The Court will address these motions separately following the February 24, 2014 conference.

## I.      BACKGROUND

Plaintiff produces synthetic oil products that are purple in color. Plaintiff alleges that Defendants misappropriated its trade secret and used it to manufacture competing oil products that, Plaintiff concedes, are not identical to Plaintiff's. Defendants began selling their own line of oil and lubricants in April 2013, which Plaintiff alleges Defendants misrepresent to customers are Royal Purple products. Plaintiff alleges also that Defendants' products infringe Plaintiff's trademarks. Therefore, on October 3, 2013, Plaintiff sent a letter to Defendant Ward demanding that he stop manufacturing and selling oils and lubricants.

On October 9, 2013, Ward filed a Declaratory Judgment action in Illinois state court. The next day, Gaither filed a similar Declaratory Judgment action in the same court. On October 14, 2013, Plaintiff requested Ward's consent to the removal of the Declaratory Judgment action to the United States District Court for the Central District of Illinois. Ward believed there was no federal subject matter jurisdiction and declined to consent to removal.

On November 8, 2013, Plaintiff filed this lawsuit. Plaintiff asserts a violation of the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), misappropriation of trade secrets, breach of contract, tortious interference with contract, tortious interference with prospective business relationships, fraud,

conversion, misappropriation of ideas, violations of the Lanham Act, unfair competition, a claim under the Texas Theft Liability Act, and a violation of the Texas Business and Commercial Code.

Defendants moved to transfer this case to the federal court in Illinois pursuant to § 1404(a). The Motions to Transfer have been fully briefed and are now ripe for decision.

## II.  GENERAL LEGAL STANDARD FOR TRANSFER OF VENUE

A district court may transfer a civil action for "the convenience of parties and witnesses [and] in the interest of justice" to any other district where it might have been filed. *See* 28 U.S.C. § 1404(a). A court should grant a motion to transfer venue pursuant to § 1404(a) if the movant demonstrates that the proposed transferee venue is clearly more convenient for the parties and witnesses. *See In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013), *reh'g denied*, 736 F.3d 192 (5th Cir. Oct. 24, 2013). There is a strong presumption in favor of a plaintiff's choice of his home venue, "which may be overcome only when the private and public factors clearly point towards trial in the alternative forum." *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 672 (5th Cir. 2003) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)).

The private factors include: (1) the relative ease of access to evidence; (2) the availability of compulsory process to obtain the attendance of unwilling witnesses; (3) the cost of obtaining the attendance of willing witnesses; and (4) any other practical issues that would make trial of a case more expeditious and inexpensive. *See Radmax*, 720 F.3d at 288. The public factors are: (1) the relative court congestion; (2) the local interest in deciding local disputes; (3) each court's familiarity with the law that will govern the case; and (4) the avoidance of conflict of laws problems. *See id.*

## III. ANALYSIS

In this case, it is uncontested that the case could have been brought in the Central District of Illinois but that Plaintiff, instead, elected to file the lawsuit in its home district. The allegations in Plaintiff's complaint indicate that there is a factual nexus between Defendants' alleged wrongdoing and this federal district. Specifically, Plaintiff alleges that Defendant Gaither obtained access to its trade secrets while working for Plaintiff in Texas. Plaintiff alleges further that Defendants are marketing their products in Texas, misrepresenting them as Plaintiff's products. As a result, the Court concludes that Plaintiff's choice of venue is entitled to deference unless Defendants demonstrate clearly that the Central District of Illinois is a more convenient venue.

### A. Private Factors

As an initial "private factor" matter, Plaintiff notes that the confidentiality agreement signed by Defendant Gaither provides that venue in this federal district is appropriate. The agreement does not, however, require that all disputes be resolved in this district. Consequently, the confidentiality agreement does not weigh against transfer. *See SeaTrepid Int'l, LLC v. MK Salvage Venture, LLC*, 2013 WL 4012655, *3 (E.D. La. Aug. 5, 2013); *Fin. Cas. and Sur., Inc. v. Zouvelos*, 2012 WL 2886861, *8 (S.D. Tex. July 13, 2012) (Rosenthal, J.).

The relative access to evidence factor in the case is neutral. Most of Plaintiff's evidence is in Texas, while most of Defendants' evidence is in Illinois. A court should not grant a motion to transfer if the only practical effect is to shift the inconvenience from the moving party to the nonmoving party. *See, e.g., First Fitness Int'l, Inc. v. Thomas*, 533 F. Supp. 2d 651, 658 (N.D. Tex. 2008); *Goodman Co., L.P. v. A & H Supply, Inc.*, 396 F. Supp. 2d 766, 776 (S.D. Tex. 2005).

The availability of compulsory process for unwilling witnesses and the cost of attendance of willing witnesses weighs heavily in favor of Defendants' request to transfer venue. Most of Plaintiff's witnesses are its own employees. The convenience of a party's employees is entitled to less weight because the employer can require them to appear at trial. *See Boutte v. Cenac Towing, Inc.*, 346 F. Supp. 2d 922, 933 (S.D. Tex. 2004). The only non-party, non-employee witness Plaintiff identifies is the

United States Border Patrol, yet Plaintiff does not identify, by name or position, any specific Border Patrol employee who would testify at trial.[2]

Defendants, on the other hand, have identified four non-party, non-employee witnesses who are not subject to this Court's subpoena power, but who could be compelled to attend trial in the Central District of Illinois. Defendants have identified an additional non-party, non-employee witness who, while not subject to the subpoena power of either court, is located significantly closer to the Central District of Illinois than to this district. As a result, this factor does not merely shift inconvenience, but weighs heavily in favor of transfer.

As a practical issue affecting the ability to resolve this dispute in an easy, expeditious and inexpensive manner, Defendants note that there are two related declaratory judgment actions currently pending in the state court in Illinois. As Defendants concede, however, those two cases lack a basis for federal subject matter jurisdiction. Therefore, whether this dispute is resolved in this Court or in the Central District of Illinois, there will be a federal lawsuit and two state court lawsuits. Transfer to Illinois will not reduce that inconvenience.

---

[2] Plaintiff does not assert or present evidence that the decision-maker for purchasing motor oil for the Border Patrol is located in the Southern District of Texas, even if the oil were purchased for use in this district.

### B. Public Factors

The Court finds that the public factors weigh heavily against transfer. Statistically, the Southern District of Texas resolves cases more quickly than the Central District of Illinois. Texas has an interest in protecting its resident companies from alleged trade secret theft. Moreover, Texas has a significant interest in protecting its consumers from the sale of products whose origin is allegedly misrepresented. Plaintiffs allege several Texas state law causes of action, with which this Court has greater familiarity than the federal courts in Illinois. Defendants have failed to demonstrate that the public factors favor transfer of this case pursuant to § 1404(a).[3]

### IV. CONCLUSION AND ORDER

Defendants have failed to demonstrate clearly that the relevant factors in the § 1404(a) analysis favor transfer of this case to the Central District of Illinois over Plaintiff's choice of its home venue. Consequently, it is hereby

**ORDERED** that the Motions to Transfer Venue [Docs. # 26 and # 30] are **DENIED**. It is further

**ORDERED** that counsel shall appear before the Court on **Monday, February 24, 2014, at 10:00 a.m.** for a status and scheduling conference.

---

[3] The parties agree that there are no conflict of laws issues in this case.

SIGNED at Houston, Texas, this 7th day of **February, 2014.**

_____
Nancy F. Atlas
United States District Judge